UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**CHERYL LEE LEWIS,**

    **Plaintiff,**

v.                                               **CIVIL ACTION 3:14-cv-18936**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is a complaint filed on June 20, 2014, by Cheryl Lee Lewis, Claimant (ECF No. 2). On September 12, 2014, Defendant filed an Answer to the Complaint (ECF No. 8).

### Background

On November 4, 2010, Claimant filed Title II and XVI applications for disability, disability insurance benefits (DIB) and supplemental security income (SSI). Claimant's alleged disability onset date is July 27, 2010. Both applications were denied initially on January 19, 2011, and upon reconsideration on April 4, 2011. On April 27, 2011, Claimant filed a written request for a hearing. A hearing was held before an Administrative Law Judge (ALJ) on July 13, 2012, in Huntington, West Virginia. At the conclusion of that hearing the ALJ stated that he was going to have Claimant consultatively evaluated prior to making a decision (Tr. at 67-68). On December 6, 2012, a supplemental hearing was held in Huntington, West Virginia. On December 13, 2012, the ALJ denied Claimant's applications for disability. On February 8, 2013, Claimant request a review of the ALJ's decision by the Appeals Council (AC). On April 24, 2014, the AC denied Claimant's request stating "We found no reason under our rules to review the Administrative Law Judge's

decision. Therefore, we have denied your request for review" (Tr. at 1). Claimant filed a Complaint for judicial review on July 13, 2013 (ECF No. 1).

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2014). The

Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of July 27, 2010 (Tr. at 33). The ALJ found that Claimant meets the insured status requirements of the Social Security Act through December 31, 2014. (*Id.*) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of chronic right knee strain with underlying patellofermoral chondromalacia and osteoarthrosis with pes anserinus bursitis; lumbar strain with mild facet degeneration; and history of acute cervical sprain/strain injury with associated cephalgia (Tr. at 33-34). At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 35). The ALJ then found that Claimant has a residual functional capacity to lift occasionally up to 50 pounds and frequently up to 20; at one time, sit for one hour, stand for 30 minutes, walk for 30 minutes; (total in an eight-hour day) can sit for four hours, can stand for two hours, walk for two hours; push/pull with either hand to the weight limits noted; occasionally use foot controls with the right foot and continuously with the left; occasionally climb ramps/stairs, stoop, kneel; never climb ladders, crouch or crawl; no work at unprotected heights; only occasional exposure to moving mechanical parts; and frequently perform the remaining environmental and postural limitations (Tr. at 36). The ALJ concluded that Claimant could not perform past relevant work (Tr. at 39). On this basis, benefits were denied (Tr. at 40-41).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Claimant's Background

Claimant was born on October 1, 1962. She stands at five feet, five inches tall. Claimant has a driver's license. She graduated from high school and has work experience cleaning, doing laundry and walking dogs.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ's credibility and pain analysis was deficient. Additionally, Claimant asserts that the ALJ's residual functional capacity (RFC) limited her to sedentary work, compelling a finding of disability as of her fiftieth birthday, October 1, 2012 (ECF No. 12).

Defendant asserts that substantial evidence supports the ALJ's credibility analysis (ECF No. 13). Defendant asserts that the ALJ did not limit Claimant to sedentary work, therefore, the ALJ was not compelled to find Claimant disabled as of her fiftieth birthday.

## Medical Record

The court has reviewed all evidence of record and will address those portions which are relevant to the issues raised by Claimant.

Credibility Determination

The Social Security Act defines disability as the inability to do any substantial gainful activity by reason of any medically determinable impairment, "which can be expected to result in death, or which has lasted or can be expected to last, for a continuation period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, an individual must have a severe impairment that precludes her from performing not only her previous work, but also any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A) and § 1382c; 20 C.F.R. §§ 404.1505(a) and 416.912. The claimant bears the ultimate burden of proving disability within the meaning of the Act. *See* 42 U.S.C. § 423(d)(5)(A) and § 1382c; 20 C.F.R. §§ 404.1512(a) and 416.912.

In the present matter, substantial evidence does not support the ALJ's finding that Claimant's alleged severity of symptoms was not credible. The Fourth Circuit has held that the ALJ's failure to evaluate a claimant's credibility before analyzing the RFC is harmful error and requires remand. *Mascio v. Colvin*, 780 F.3d 632, 639-640 (4th Cir. 2015). The ALJ found that Claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are not credible to the extent they are inconsistent with the ALJ's residual functional capacity

assessment (Tr. at 39). This Court recommends the District Judge find that the ALJ did not conduct a proper credibility evaluation.

The Fourth Circuit has held that an ALJ's credibility findings are "virtually unreviewable by this court on appeal." *Darvishian v. Green*, 404 F. App'x 822, 831 (4th Cir. 2010)(citing *Bieber v. Dept. of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002)); *Salyers v. Chater*, No. 96-2030, 1997 WL 71704, at *1 (4th Cir. Feb. 20, 1997) (unpublished) (an "ALJ's credibility findings… are entitled to substantial deference"). When evaluating a claimant's testimony, the ALJ first considers whether the claimant has one or more medically determinable impairments that could reasonably be expected to produce the symptoms alleged. *See* 20 C.F.R. §§ 404.1529(b) and 416.929. If such an impairment(s) exists, the ALJ then evaluates the intensity, persistence and limiting effects of the alleged symptoms arising from these impairments to determine the extent to which the alleged symptoms limit the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c) and 416.929.

As the fact-finder, the ALJ has the exclusive responsibility for making credibility determinations. *See*, *Shively v. Heckler*, 739 F.2d 987, 989-990 (4th Cir. 1984) (stating that "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight").

The procedural sequence which an ALJ must follow in determining credibility of a claimant and in determining a claimant's RFC is the issue necessitating remand in the present matter. The regulations on assessing credibility state that "We will consider all of the evidence presented, including information about your work record, your statements about your symptoms, evidence submitted by your treating, examining or consulting physician or psychologist, and observations by our employees and other persons." 20 C.F.R. §§ 404.1529(c)(3) and 416.929.

When an ALJ evaluates a claimant's RFC, a medical assessment of the claimant's remaining capabilities to work, he considers all of the relevant medical and other evidence. See 20 C.F.R. § 404.1513; SSR 96-8p. In cases in which symptoms, such as pain, are alleged, the RFC assessment must contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations. Additionally, the RFC assessment must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work. Richard C. Ruskell, *Social Security Disability Claims Handbook* (2015 Edition), 214 n.5.

In the present case, the ALJ found that Claimant can occasionally lift up to 50 pounds and frequently up to 20; at one time, sit for one hour, stand for 30 minutes, walk for 30 minutes; (total in an eight-hour day) can sit for four hours, can stand for two hours, walk for two hours; push/pull with either hand to the weight limits noted; occasionally use foot controls with the right foot and continuously with the left; occasionally climb ramps/stairs, stoop, kneel; never climb ladders, crouch or crawl; no work at unprotected heights; only occasional exposure to moving mechanical parts; and frequently perform the remaining environmental and postural limitations (Tr. at 36). Following the RFC, the ALJ discussed symptoms alleged by Claimant (Tr. at 36-39). The ALJ's credibility discussion merely lists Claimant's asserted symptoms and then provides the following boilerplate language:

> The undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment (Tr. at 39).

According to SSR 96-8p, the RFC assessment "must include a narrative discussion

7

describing how the evidence supports each conclusion, citing specific medical facts… and nonmedical evidence." Courts have held that an ALJ failed to follow SSR 96-8p "by merely summarizing the medical evidence. The Ruling requires a narrative discussion of the RFC to show how the evidence supports the ALJ's conclusion." *Munday v. Astrue*, 535 F.Supp. 2d 1189, 129 Soc. Sec. Rep. Serv. 726 (D. Kan. 2007). The RFC assists the ALJ in determining whether the claimant retains enough vocational capacity to return to work. When calculating the RFC, the ALJ must take all factors into account and explain his conclusions with substantial evidence. *See Kotofski v. Astrue*, 157 Soc. Sec. Rep. Serv. 313, 2010 WL 3655541 (D. Md. 2010).

Furthermore, the ALJ must accompany his decision with sufficient explanation to allow a reviewing court to determine whether the Commissioner's decision is supported by substantial evidence. The Commissioner is required to include in the text of [his] decision a statement of the reasons for that decision. *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986). The ALJ's "decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge. . . ." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The Fourth Circuit agreed with the Seventh Circuit that the boilerplate language quoted above gets things backwards by implying "that ability to work is determined first and is then used to determine the claimant's credibility." *Mascio* citing *Bjornson v. Astrue*, 671 F.3d 640, at 645 (7th Cir. 2012). The court stated "The boilerplate [] conflicts with the agency's own regulations" because SSR 96-8p defines RFC as "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental

limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." The RFC must be based on all of the relevant evidence in the case record. The Regulations list of evidence to be considered includes effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. *See* SSR 96-8p.

"The assessment of a claimant's ability to work will often depend heavily on the credibility of her statements concerning the 'intensity, persistence and limiting effects' of her symptoms, but the boilerplate language implies that [the] ability to work is determined first and is then to be used to determine the claimant's credibility."[1] As in the present matter, the ALJ made his RFC determination before he properly weighed the claimant's credibility. This Court recommends the District Judge find that Defendant's credibility assessment is not supported by substantial evidence. Other issues raised by the parties shall be addressed on remand.

## Conclusion

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **REVERSE** the final decision of the Commissioner, **REMAND** this case for further administrative proceedings and **DISMISS** this matter form the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such

---

[1] Richard C. Ruskell, *Social Security Disability Claims Handbook* (2015 Edition), 217.

objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Date: September 8, 2015

_____
Dwane L. Tinsley
United States Magistrate Judge